# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRY A. WRIGHT,<br>Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-1305 |
| v. | : | (JUDGE CAPUTO)<br>(MAGISTRATE JUDGE BLEWITT) |
| PETER G. LOFTUS, et al.,<br>Defendants | : | |

## MEMORANDUM

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation ("R & R") of July 22, 2009 (Doc. 3) and Plaintiff's Objections to the Magistrate Judge's R & R (Doc. 4). Magistrate Judge Blewitt recommended that Plaintiff's case be dismissed. (Doc. 3.) This Court will adopt Magistrate Judge Blewitt's R & R for the reasons discussed below.

## BACKGROUND

Plaintiff Kerry A. Wright filed her *pro se* Complaint on July 8, 2009. (Doc. 1.) The opening paragraph of the Complaint, which does not contain numbered paragraphs, states that the action is based on "civil rights violations" under 42 U.S.C. §§ 1983, 1985, the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the tort of intentional infliction of emotional distress ("IIED"). (Doc. 1.) The Complaint also contains four numbered counts, "Omitting and Concealing Evidence in [Plaintiff's prior civil action]" (Count I), "Fraud by way of Deception" (Count II), "Newly Discovered evidence to support Corruption on the United States Federal Courts by Hands of Council (sic)" (Count III), and "Contempt of Middle District of Pennsylvania Federal District Court and United States Third Circuit Court of Appeals & Obstruction of Justice" (Count IV).

The Defendants are Peter J. Loftus, who represented Plaintiff in a previous case

against the Dallas School District, the Loftus Law Firm, P.C., and Robin B. Snyder, Cynthia E. Banks, Angela Januski, and Michael J. Parichelli, all attorneys with Marshall, Dennehey, Warner, Coleman & Goggin ("Marshall Dennehey"). (Doc. 1.) Marshall Denehey was retained as counsel for the Dallas School District in Plaintiff's previous case in the United States District Court for the Middle District of Pennsylvania, *Wright v. The Dallas School District, et al.*, Civil Action No. 3:05-cv-01197. In that case, this Court granted summary judgment to the Defendants on Plaintiff's claims seeking relief under 42 U.S.C. §§ 1983, 1985, the ADA, the PHRA, and IIED. Plaintiff's ADA, PHRA and § 1985 claims in her previous case were based primarily on the fact that she has cerebral palsy.

The Complaint in Plaintiff's current action alleges that Loftus concealed evidence from her and omitted evidence in the previous trial, and that his "deceptive tactics" caused her to be disadvantaged. (Docs. 1, 3.) Plaintiff further alleges that Loftus sabotaged her case deliberately and that he failed to sanction the defendants in her previous case. (Docs. 1, 3.) Plaintiff also avers that Snyder improperly subpoenaed psychiatric records and that these records were supplied without her consent. (Docs. 1, 3.) She alleges that at her deposition in the previous case, Loftus and the Marshall Denehey attorneys shared confidential medical information, which constituted professional misconduct, and that they conspired in a manner that "manipulated the justice system" and caused the entry of summary judgment against Plaintiff on her claims. (Docs. 1, 3.) The vast majority of Plaintiff's Complaint is a reprise of her previous law suit and allegations that amount to negligence or malpractice on the part of Loftus and conspiratorial action between Loftus and the Marshall Denehey attorneys to "conjure a plot to harm" Plaintiff. (Docs. 1, 3.)

On July 8, 2009, Plaintiff also filed an application for leave to proceed *in forma*

*pauperis* ("IFP Application"). (Doc. 2.) As obligated by law, Magistrate Judge Blewitt screened Plaintiff's Compaint and recommended that the case should be dismissed. Magistrate Judge Blewitt recommended that the § 1983 claims be dismissed because none of the Defendants were alleged to be state actors, that the § 1985 claims be dismissed because Plaintiff had failed to make out a cognizable conspiracy claim beyond mere conclusory allegations, the ADA and PHRA because the Defendants were not "covered entities" under either of these acts, and that this Court should decline to exercise supplemental jurisdiction over the remaining IIED claim. Plaintiff filed an objection to the R & R on July 31, 2009, in which she failed to directly address or refute any of the dispositive points in Magistrate Judge Blewitt's R & R. (Doc. 4.) No response was filed.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas*

3

*v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## **DISCUSSION**

28 U.S.C. § 1915 provides a two-step process for reviewing IFP applications. The U.S. Court of Appeals for the Third Circuit has made it clear that this Court should consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review). The Court shall dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits).

Plaintiff's IFP application states that she has not been employed since May 31, 2008 and has no cash in her checking account. Assuming that this is true, Plaintiff is eligible to proceed IFP. This Court must then determine whether the Complaint is frivolous, malicious or fails to state a claim on which relief can be granted.

**1.      42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights

4

secured by the Constitution and laws of the United States, and that the alleged violation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff brings her cause of action against private actors working as attorneys in private firms. Nowhere does she allege that any of the Defendants were acting under color of state law or that they exercised power that clothed them with the authority of state law. Therefore, she does not meet the threshold for stating a cause of action under § 1983. Because her Complaint fails to state a claim for relief under § 1983, all such claims must be dismissed.

## 2.     42 U.S.C. § 1985

Plaintiff does not specify which subsection of 42 U.S.C. § 1985 should apply in this case. 42 U.S.C. §1985(1) covers conspiring to prevent, by force or intimidation, a person from holding office; obviously, this subsection is not applicable to this case. 42 U.S.C. § 1985(2) prevents two or more people from conspiring to deter, by threat or intimidation or force, any party or witness in a United States court proceeding from attending such court or testifying freely and truthfully. The closest that Plaintiff's Complaint comes to alleging a violation of § 1985(2) is her claim that "[t]hrough psychological Manipulation and intimidation [Loftus] convinced the Plaintiff that continuing in Appellate Court was the only way to perserve (sic) her rights." (Doc. 1 at 13.) However, this allegation only involves Defendant Loftus, does not meet the threshold requirement under §1985(2) that "two or more persons" act to intimidate

5

a party or witness. Thus, § 1985(2) is not applicable either.

Section 1985(3) is potentially applicable to this case and provides, in part:

> If two or more persons in any State or Territory conspire . . ., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). The Third Circuit Court of Appeals has held that a plaintiff must plead the following elements to properly allege a violation of Section 1985(3): (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Most notably, the second element requires a showing that there was animus *based* on the plaintiff's class and that this animus was the *motivating* factor behind the defendants' actions. This discriminatory purpose is not presumed and the plaintiff bears the burden of clearly showing intentional discrimination. *Palace v. Deaver*, 838 F. Supp. 1016, 1020 (E.D. Pa. 1993).

Unlike § 1983, the Supreme Court has held that § 1985 applies to private action as well as action taken under color of state law. *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). In *Lake*, the Third Circuit Court of Appeals held that § 1985(3) could be applied to "mentally

retarded" people, but declined to extend its protection to "the handicapped in general." *Lake*, 112 F.3d at 686 n.5. Women are also a cognizable class under § 1985(3). *Carchman v. Korman Corp.*, 594 F.2d 354, 356 (3d Cir. 1979).

Assuming, without deciding, that people with cerebral palsy are a class that is protected by § 1985(3), and reading the Plaintiff's *pro se* complaint under the lowered standards required by law, Plaintiff still fails to make out a cognizable claim under § 1985(3). To the extent that Plaintiff alleges any motivation for the conspiracy between Defendants, it seems to be based on a desire to protect each other and the defendants from Planitiff's previous case.[1] This was apparently done "to act in the best interests of [Mr. Loftus] and everyone who stood to gain." (Doc. 1 at 27.) Thus, Plaintiff's Complaint does not allege that the Defendants acted out of animus toward women, the disabled, people with cerebral palsy or any other protected class. Therefore, Plaintiff fails to state a claim on which relief can be granted under § 1985, and this claim will be dismissed.

### 3. ADA Claim

Plaintiff's Complaint does not state which title or section of the ADA has been violated by the Defendants. Under Title I of the ADA, it is a violation for any "covered entity" to discriminate against a qualified individual with a disability. 42 U.S.C. § 12112. "Covered entity" is defined as "an employer, employment agency, labor organization or joint labor-management committee." None of the Defendants in this case fit this definition, so they cannot be liable parties under Title I of the ADA.

---

[1] The Court also notes that Plaintiff's Complaint likely does not properly allege an actual conspiracy between the Defendants, as noted in Judge Blewitt's R & R. However, the lack of discriminatory intent is even more glaring, and the § 1985(3) claim can be dismissed on this deficiency alone.

7

Title II of the ADA prohibits a "public entity" from denying a qualified individual with a disability participation in the services, programs, or activities of that public entity, or access to public transportation. 42 U.S.C. §§12132, 12142, 12162. Clearly, Defendants are not a public entity and are not engaged in providing any type of transportation services. Thus, Title II of the ADA is inapplicable.

Title III of the ADA covers public accommodations to services operated by private entities and is targeted at accommodations like elevators, ramps and public transportation services provided by private entities. 42 U.S.C. §§ 12181-12189. Again, this Title of the ADA is inapplicable to the current case. Even under a broad reading of the ADA, Plaintiff's Complaint fails to make out any cognizable claim under the act.[2] Plaintiff's ADA claims will be dismissed.

### 4. PHRA Claim

The Third Circuit Court of Appeals had held that "[the PHRA is basically the same as the ADA in relevant respects and 'Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts.'" *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002 (quoting *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996)). Therefore, the disposition of Plaintiff's ADA claim applies with equal force to the PHRA claim. The PHRA claim will, therefore, be dismissed.

### 5. IIED

This case is similar to *Chipps v. Continental Airlines, Inc*, 2006 WL 463160 at *5 (M.D. Pa. Feb. 24, 2006). In that case this Court dismissed the plaintiff's federal cause of action,

---

[2] Title IV of the ADA contains "Miscellaneous Provisions" none of which are applicable to this case. *See* 42 U.S.C. §§ 12201-12214.

8

leaving only an IIED claim. *Id.* This Court dismissed the IIED claim, reasoning:

> Once a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over remaining claims. 28 U.S.C. § 1367(c). In making the determination, a district court "should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.' " *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284 (3d Cir.1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *Growth Horizons* also noted the importance of the point in the litigation when dismissal of the main claim occurs. Id. at 1284-85.
> Here we are dismissing the federal question claim early in the litigation. We have held no hearings on this matter and have not yet considered the substantive merits of the IIED claim. Considering all of the relevant factors, we decline supplemental jurisdiction of Plaintiff's IIED claim. Therefore, this claim will be dismissed without prejudice and Plaintiff may pursue his claims of outrageous conduct in the context of IIED in the appropriate state court if he so desires.

*Id.*

Similarly, we are dismissing the Plaintiff's federal causes of action at an early stage of the litigation. There will be no prejudice to either party and great judicial resources have not been expended hearing the substantive merits of any of these claims. This Court will decline supplemental jurisdiction over the IIED claim, which should be brought in the appropriate state court. The IIED claim will be dismissed.

### 6. The Other Counts

As noted above, the Complaint contains four numbered counts, "Omitting and Concealing Evidence in [Plaintiff's prior civil action]" (Count I), "Fraud by way of Deception" (Count II), "Newly Discovered evidence to support Corruption on the United States Federal Courts by Hands of Council (sic)" (Count III), and "Contempt of Middle District of Pennsylvania Federal District Court and United States Third Circuit Court of Appeals & Obstruction of Justice" (Count IV). Although it is not entirely clear the precise causes of

9

action Plaintiff is attempting to bring with these counts, this Court will attempt to parse them.

Count I appears to be a claim that the Defendants, in particular Loftus, failed to enter all of the evidence in Plaintiff's previous case. If anything, this is a claim for professional negligence or malpractice, and like the IIED clam, should be brought in state court. Count II appears to be fraudulent misrepresentation or some other tort cause of action that should also be brought in state court. Count III also sounds in negligence and should be brought in state court. To the extent it is new evidence that supports the claims in her previous trial, a motion for reconsideration would have been the proper vehicle to bring that new evidence to light. Count IV appears to be for contempt of court. Civil and criminal contempt are not properly brought by plaintiffs in civil actions, but are instead within the power of the courts to ensure that orders are obeyed and respect and dignity are paid to the court. *See generally* 17 Am. Jur. 2d *Contempt* § 1 (2008). Thus, these claims are either 1) state causes of action over which this Court will decline its supplemental jurisdiction or 2) not proper for the Plaintiff to bring, and will be dismissed.

## **CONCLUSION**

As the Court has found that Plaintiff fails to state any cause of action on which relief can be granted, the Court will adopt Magistrate Judge Blewitt's recommendation and dismiss all of Plaintiff's claims. An appropriate order follows.

November 20, 2009  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KERRY A. WRIGHT | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-1305 |
| v. | : | |
| PETER G. LOFTUS, et al., | : | (JUDGE CAPUTO) |
| Defendants | : | (MAGISTRATE JUDGE BLEWITT) |

## ORDER

**NOW**, this   20th   day of November, 2009, after consideration of Magistrate Judge Blewitt's Report and Recommendation recommending that all of Plaintiff's claims be dismissed, and of Plaintiff's objection to the Magistrate Judge's Report and Recommendation,  **it is hereby ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **ADOPTED**.

3. All of Plaintiff's claims are **DISMISSED**.

4. The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                               /s/ A. Richard Caputo  
                                               A. Richard Caputo  
                                               United States District Judge