# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KERRY A. WRIGHT, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION NO. 3:09-cv-1305 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| PETER G. LOFTUS, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Kerry Wright's Motion for Reconsideration of this Courts Order of November 20, 2009. For the reasons discussed below, Plaintiff's motion will be denied.

Plaintiff Kerry A. Wright filed her *pro se* Complaint on July 8, 2009. (Doc. 1.) On that date, Plaintiff also filed an application for leave to proceed *in forma pauperis* ("IFP Application"). (Doc. 2.) As obligated by law, Magistrate Judge Blewitt screened Plaintiff's Complaint and recommended that the case be dismissed. On July 22, 2009, Magistrate Judge Blewitt recommended that the § 1983 claims be dismissed because none of the Defendants were alleged to be state actors, that the § 1985 claims be dismissed because Plaintiff had failed to make out a cognizable conspiracy claim beyond mere conclusory allegations, the ADA and PHRA because the Defendants were not "covered entities" under either of these acts, and that this Court should decline to exercise supplemental jurisdiction over the remaining IIED claim. On November 20, 2009, this Court entered an Order adopting the Magistrate Judge's recommendations.

On December 1, 2009, Plaintiff filed a Motion for Reconsideration. On December 28, 2009, that motion was deemed withdrawn by a Court Order because Plaintiff failed to file a brief in support accompanying her motion. Plaintiff then filed another Motion for

Reconsideration, this time challenging the Court's Order of December 28, 2009. This Court treated that motion as a motion for extension of time; an order was entered on January 25, 2010, allowing Plaintiff an additional fourteen days to comply with this Court's Order. The Plaintiff filed her Brief in Support on February 9, 2010. Defendant did not file a Brief in Opposition. Thus, the motion is ripe for disposition.

## STANDARD OF REVIEW

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions

should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## **DISCUSSION**

It is unclear from Plaintiff's filings whether she is relying on a change in controlling law, newly discovered evidence or clear error on the part of the Court. Plaintiff cites no change in controlling law, so that cannot be the basis for her motion. Furthermore, all of the evidence cited by Plaintiff was available to her at the time this Court issued its Order adopting the Report and Recommendation and cannot form the basis for a motion for reconsideration. Plaintiff's Brief in Support essentially re-hashes the allegations that were made in her Complaint and Objections to the Magistrate Judge's Report and Recommendation. Her Complaint was dismissed as failing to state a claim upon relief can be granted in this Court's November 20, 2009 Memorandum and Order. Plaintiff has demonstrated no newly discovered facts that would lead this Court to reconsider that Order.

Finally, Plaintiff does not make any arguments that lead the Court to conclude that it committed a clear error of law. Plaintiff's Complaint was dismissed because she failed to allege that any Defendants were state actors. Acting under color of state law is a well-settled element necessary to make out a claim pursuant to 42 U.S.C. § 1983. Failing to allege this crucial element requires dismissal of any such claim. Plaintiff's ADA claim was also dismissed because her Complaint could not make out a violation of the ADA under any Title of that statute. Plaintiff's state law claims were dismissed because this Court declined to exercise its supplemental jurisdiction after the federal causes of action had been dismissed. This is an acceptable path for this Court to take in such situations. Thus, this Court did not commit a clear error of law in dismissing Plaintiff's Complaint.

## **CONCLUSION**

This Court will deny Plaintiff's Motion for Reconsideration because she has not pointed to an intervening change in controlling law, the discovery of new evidence that was not available at the time the motion was ruled upon by this Court, nor clear error of law by this Court. An appropriate Order follows.

 March 11, 2010                                                          /s/ A. Richard Caputo  
Date                                                                                 A. Richard Caputo  
                                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KERRY A. WRIGHT :
:
Plaintiff, : CIVIL ACTION NO. 3:09-cv-1305
:
v. :
:
PETER G. LOFTUS, et al., : (JUDGE CAPUTO)
:
Defendants : (MAGISTRATE JUDGE BLEWITT)
:

## **ORDER**

**NOW**, this  11th  day of March, 2010, **it is hereby ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 6) is **DENIED**.

                                                   /s/ A. Richard Caputo  
                                                  A. Richard Caputo  
                                                  United States District Judge